**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| ANTHONY M. WHITE, | |
|     Petitioner, | **No. 09-CV-4059-DEO** |
| v. | |
| UNITED STATES OF AMERICA, | **ORDER** |
|     Respondent. | |

_____

**TABLE OF CONTENTS**

**I.   BACKGROUND** . . . . . . . . . . . . . . . . . . . .  1

**II.  DISCUSSION** . . . . . . . . . . . . . . . . . . . .  4
    **A.  *28 U.S.C. § 2255*** . . . . . . . . . . . . . . .  4
    **B.  *Ineffective Assistance of Counsel*** . . . . . . .  5

**III. CONCLUSION** . . . . . . . . . . . . . . . . . . . . 10

Before the Court is Anthony White's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. See Docket Nos. 1 (Pro Se § 2255 Motion) and 5 (Supplement to § 2255 Motion). As set forth below, White's § 2255 Motion is denied.

**I.   BACKGROUND**

In January 2007, Mr. Robert King reported to police that several firearms he owned had been stolen from his Sioux City,

Iowa, residence during an apparent burglary. Crim Docket No. 168 at 5, ¶ 15 (Presentence Investigation Report).[1] Mr King named Brittany Rich, Christie Hejhal, and Joe Madison as persons he believed participated in the burglary. Id. Days later, Ms. Rich admitted her involvement in the burglary during police questioning following her arrest on unrelated state charges. Id. Rich, and later Ms. Hejhal, stated two of the guns were traded to Mr. White in exchange for cocaine base (crack). Id. at 5, ¶¶ 15-16. Both Rich and Hejhal reported getting an "eight-ball" (3.5 grams) of crack, per firearm, from White, for a total of 7 grams. Id. at ¶ 16.

When officers attempted to arrest White at his residence, he fled—first by car, then, after losing control of the car and crashing it into a snowbank, by foot. Crim. Docket No. 168 at 6, ¶¶ 18-19. However, White ran back to his residence, about one block away, and was arrested when officers found him there, sweating profusely. Id. In the residence, officers found two of the firearms stolen from King. Id. at 6, ¶ 18. Officers also found 2.88 grams of crack that had been dumped

---

[1] The Court will use "Crim. Docket" to refer to the docket in White's criminal case, United States v. White, et al., 07-CR-4078-DEO.

in White's toilet and on the bathroom floor nearby. Id. Following his arrest, White reportedly admitted to the officers that the crack found in his bathroom was his, and that he had obtained the two firearms found in his residence in exchange for crack. Crim. Docket No. 168 at 6, ¶ 19.

On January 24, 2008, Mr. White was charged in a Second Superseding Indictment with one count of distributing and possessing with intent to distribute more than 5 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and one count of possessing firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Crim. Docket No. 47 at 1-2. White pled guilty "straight up" (not pursuant to a plea agreement) to both of these Counts on September 12, 2008. Crim. Docket No. 126. White claims trial counsel, Mr. Robert Wichser, advised him to plead guilty to both Counts. Docket No. 1-2 at 5, 8; 5 at 2; 5-2 at 2, 4. Mr. Wichser, in contrast, recalls cautioning against pleading guilty to both Counts. Docket No. 8-2 at 2, ¶ 8 (Wichser Affidavit). At the Change of Plea Hearing, the Government amended Count 1 by removing the distribution allegation and by changing the quantity of crack charged from

3

"five grams or more" to "2.88 grams." White was sentenced on December 18, 2008, to 21 months on Count 1 and 60 months—the mandatory minimum—on Count 2, to be served consecutively. He did not appeal his conviction or sentence. White timely filed his § 2255 Motion on August 3, 2009.

In his § 2255 Motion, White alleges:

> (1) no factual basis existed for his guilty plea to Count 2; and
>
> (2) Mr. Wichser was therefore ineffective for advising him to plead guilty to Count 2.

Docket Nos. 1 and 5. A hearing on White's § 2255 Motion was held on November 22, 2010. Docket No. 11. The matter is fully submitted.

## II. DISCUSSION

### A. 28 U.S.C. § 2255

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or

4

is otherwise subject to collateral attack. 28 U.S.C. § 2255. Statements which are self-serving and unsupported by evidence do not establish a basis for relief under § 2255. United States v. Apfel, 97 F.3d 1074, 1077 (8th Cir. 1996). Claims generally may not be asserted in a § 2255 motion unless the petitioner first raised the claim on direct review. Reed v. Farley, 512 U.S. 339, 354 (1994). However, this general rule does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 505-506 (2003).

### B. *Ineffective Assistance of Counsel*

In order to establish ineffective assistance of counsel, a petitioner must satisfy both prongs—commonly referred to as the "performance" and "prejudice" prongs—of the test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To properly demonstrate a claim under the "performance" prong, a petitioner must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance by showing that he made errors so serious that he failed to function as the kind of counsel guaranteed by the

5

Sixth Amendment. Id. at 687-89. Additionally, under the "prejudice" prong, the petitioner must make a showing of prejudice; that is, that a reasonable probability exists that, but for his counsel's errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. To establish prejudice in the context of a plea proceeding, the petitioner must show that there is a reasonable probability that, but for plea counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). A court may address the two prongs in any order, and if the petitioner fails to make a sufficient showing on one prong, the court need not address the other. Id. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000). The Court begins its analysis under "the presumption that . . . trial counsel was competent." Smith v. Lockhart, 921 F.2d 154, 156 (8th Cir. 1990) (citation omitted).

As noted above, Mr. White claims trial counsel, Mr. Wichser, rendered ineffective assistance of counsel when he

6

purportedly advised White to plead guilty to Count 2 of the Second Superseding Indictment, which charged him with a violation of 18 U.S.C. § 924(c)(1)(A)[2] based on his alleged possession of firearms in furtherance of a drug trafficking crime. White specifically claims that the record evidence at the time of his guilty plea was, under then-existing binding precedent, insufficient to provide a factual basis for his guilty plea. Citing Watson v. United States, 552 U.S. 74 (2007), White argues the evidence showed merely that he received the guns in exchange for crack, and under Watson trading drugs for guns is not equivalent to "use" of the guns

---

[2] This provision provides in relevant part that

> any person who, during and in relation to a crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—(I) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

in violation of § 924(c).

As the Government notes, the problem with White's argument is that it ignores the language employed in Count 2 of the Second Superseding Indictment. Docket No. 8 at 5. Although Count 2 of the (first) Superseding Indictment charged White with carrying and using firearms in relation to a drug trafficking crime (Crim. Docket No. 15 at 2), this charge was replaced in Count 2 of the Second Superseding Indictment with a charge that White "knowingly possessed a firearm in furtherance of a drug trafficking crime" (Crim. Docket No. 47 at 2). Thus, as the Government correctly concludes, the Supreme Court's holding in <u>Watson</u> that one does not "use" a firearm under 18 U.S.C. § 924(c)(1)(A) by receiving it in trade for drugs (552 U.S. at 83) is of no help to White given the fact that he was charged (in the Second Superseding Indictment) with and pled guilty to knowingly possessing a firearm in furtherance of a drug trafficking crime, rather than carrying and using a firearm in relation to a drug trafficking crime.[3]  Docket No. 8 at 5.

---

[3] These alternative theories of culpability under § 924(c)(1)(A) are often referred to as the "use" and "possession" prongs of that provision. The Court notes that

White's argument is further undermined by the credible testimony of Mr. Wichser, who stated in his Affidavit and at the hearing on November 22, 2010, that he had numerous conversations with White in which he advised White of existing law on the matter, explained the Government's burden of proof

---

every federal court to address the question of whether a person who receives a gun in exchange for drugs violates the possession prong of § 924(c)(1)(A) has answered it in the affirmative. See United States v. Gurka, 605 F.3d 40, 44-45 (1st Cir. 2010) (holding that bartering drugs for guns constitutes possession in furtherance under § 924(c)(1)(A)); United States v. Gardner, 602 F.3d 97, 102-103 (2d Cir. 2010) ("Whether a person who acquires a gun with drugs does so in order to obtain the gun . . . or to sell drugs, that person furthers the sale of the drugs by possessing the gun because, in either case, but for the possession of the gun, the sale of drugs would not have occurred."); United States v. Woods, 271 F. App'x 338, 346 (4th Cir. 2008) (holding that defendant who received firearms in trade for drugs possessed the firearm "in furtherance of his drug business . . . "); United States v. Luke-Sanchez, 483 F.3d 703, 706 (10th Cir. 2007) (holding that trading drugs for guns constitutes possession in furtherance of a drug trafficking crime under subsection 924(c)(1)(A)); United States v. Boyd, 209 F. App'x 285, 290 (4th Cir. 2006) ("We conclude that accepting possession of firearms as payment for crack cocaine is possession in furtherance of a drug trafficking crime."); United States v. Frederick, 406 F.3d 754, 764 (6th Cir. 2005) ("As a matter of logic, a defendant's willingness to accept possession of a gun as consideration for some drugs he wishes to sell *does* promote or facilitate that illegal sale."); United States v. Austin, 2008 WL 2445413, at *1 (D. Idaho, June 16, 2008) ("It is difficult to see how the act of possessing a firearm could more clearly 'advance or promote' a drug transaction than when it is received in payment for the drugs.").

on each of the charged offenses, discussed the Supreme Court's decision in Watson, and cautioned White against pleading guilty to both Counts. Docket No. 8-2 (Wichser Affidavit). According to Wichser, White nevertheless insisted on pleading guilty to both Counts of the Second Superseding Indictment. Id. at 2, ¶ 8. The Court credits this testimony over White's contradictory version of events.

In short, Mr. White's claim that Mr. Wichser provided ineffective assistance by purportedly advising White to plead guilty to Count 2 of the Second Superseding Indictment is contradicted by Mr. Wichser's more credible testimony, and Mr. White's arguments in support of this claim are not supported by the decisions cited. White has failed to show that Wichser was ineffective or that his plea of guilty on Count 2 was not knowing and voluntary. White's § 2255 Motion based solely on this claim must therefore be denied.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the grounds raised in Mr. White's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 are without

merit or are procedurally barred, and should therefore be dismissed.

**IT IS THEREFORE HEREBY ORDERED** that Mr. White's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255 (Docket Nos. 1 and 5) are each **DENIED** and this action is terminated. Therefore, the pending application for interim payment, Docket No. 12, is **DENIED AS MOOT**. Counsel for Petitioner may now submit his final billing.

**IT IS SO ORDERED** this 2nd day of May, 2011.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa